# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBBINS PLACE WEST CAMPUS, LLC | § | |
| | § | |
| V. | § | A-18-CV-875-LY |
| | § | |
| MID-CENTURY INS. CO. and | § | |
| JILLIAN MEGHAN SHERMAN | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Opposed Motion to Remand (Dkt. No. 7); Defendants' Response (Dkt. No. 8); and Plaintiff's Reply (Dkt. No. 10). The District Judge referred the above-motions to the undersigned for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B), FED. R. CIV. P. 72, and Rule 1(d) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Plaintiff Robbins Place West Campus, LLC, owns commercial property in Austin, Texas. Mid-Century issued a Commercial Property Policy insuring the Property. The Property sustained wind and hail damage during a June 11, 2017 storm, and Robbins gave Mid-Century notice of loss, seeking coverage for the damages. Mid-Century opened a claim and assigned it to Jillian Meghan Sherman, as the claims adjuster. Robbins Place contends that Mid-Century and Sherman "completely mishandled Plaintiff's claims and caused Plaintiff further and additional damages." Robbins thus filed suit in the District Court of Travis County, Texas against both Mid-Century and Sherman. Robbins sues Mid-Century for breach of contract, violation of the prompt payment of

claims provisions of the Texas Insurance Code, and breach of the duty of good faith and fair dealing, and sues Sherman for violations of Chapters 541 and 542 of the Texas Insurance Code.

Roughly three weeks after both defendants were served with the suit, Mid-Century notified Robbins that Mid-Century was making an election of legal responsibility for Sherman pursuant to § 542A.006 of the Texas Insurance Code. The next day, before any action could be taken by the state court in response to the election, Mid-Century removed the case to this Court. Though Sherman is a Texas resident, Mid-Century contends that Sherman is improperly joined as a party, and thus her citizenship should not be considered in the diversity analysis.

At issue on the motion to remand is whether Mid-Century's election of responsibility (made the day before removal) was sufficient to eliminate Sherman as a party, or to make her joinder as a party no longer proper, thereby rendering the case removable to federal court under an improper joinder theory. The Court concludes that the election was made too late to effect Sherman's party status, and that because Sherman was otherwise a proper defendant, Robbins' Motion to Remand should be granted.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ). "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). The Court "must presume that a suit lies outside [its] limited jurisdiction. " *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In a removal action, it is the removing party that "bear[s] the burden of establishing

2

jurisdiction." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Additionally, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

### III. ANALYSIS

This case turns on the impact of a recent Texas statute. That statute—an amendment to the Texas Insurance Code passed in 2017—allows an insurance company to elect to assume all liability for the acts of an adjuster on a claim. If an insurance company makes such an election before a suit is filed, any claim against the adjuster ceases to exist; if the election is made post-suit, the statute compels the dismissal of any claim brought against the adjuster. Mid-Century's primary argument is that once it elected to accept liability for Sherman under the new Texas statute, any suit against her had zero chance of success as a matter of law, rendering her joinder in the suit improper. Alternatively, Mid-Century argues that even if the new statute is not applied here, or if its election to accept liability was too late, Sherman was still improperly joined under prior law.

The relevant statute, adopted in 2017, and now codified in Section 542A.006 of the Texas Insurance Code, affords an insurer the option to assume legal responsibility for the acts and omissions of an adjuster. The statute provides, in pertinent part:

> (a) . . . in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.
>
> (b) If an insurer makes an election . . . before a claimant files an action . . . no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

3

> (c) If a claimant files an action . . . against an agent and the insurer thereafter makes an election . . . the court shall dismiss the action against the agent with prejudice.

TEX. INS. CODE § 542A.006(a)-(c). As is clear from the language of the statute, an insurer may accept liability both before suit (at which point "no cause of action exists against the agent"), or after suit. If the election is made post-suit, the statute makes clear that although dismissal is mandatory, it is not automatic, but rather requires that the court enter an order dismissing the adjuster.

In this case, Mid-Century did not make an election until after suit was filed. And it made its election the day before it filed the notice of removal. This means that when the case was removed, Sherman was still a named party to the case, since Mid-Century had not requested, nor had the state court granted, dismissal of the claims against Sherman. The general rule is that in deciding if removal jurisdiction exists, the Court looks at the case as it was at the time of removal. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996). At the time of removal here, Sherman was a party, and thus complete diversity was lacking at that the time, as both Robbins and Sherman are Texas residents.

Though the argument is not framed exactly in this manner, Mid-Century appears to argue that this does not matter, because once it made the election to accept liability for Sherman (which it did the day before it removed the case), there was no possibility Robbins would succeed on its claims against Sherman, and thus Sherman was improperly joined at the time of removal. It relies on the precept that an in-state defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992 (2005). Mid-Century argues that once it made its election, it became impossible for Robbins to

4

recover against Sherman, and therefore, "there is no reasonable basis for the Court to predict that—at the time of removal—the Plaintiff has some possibility of recovery against Sherman." Dkt. No. 8 at 4. Relying on the doctrine set out in *Smallwood* and prior cases, Mid-Century insists that Sherman is therefore an improperly joined party.

Though several courts were initially persuaded that a § 542A election rendered an adjuster's joinder "improper,"[1] more recent decisions have rejected that argument. For example, in an April 3, 2019 decision, Judge Pitman concluded that the

> argument that [the adjuster] is improperly joined based solely on [a] Section 542A.006 election misunderstands the doctrine of improper joinder, which is fundamentally about joinder. The possibility-of-recovery inquiry is a means to discerning whether the joinder of a nondiverse defendant was improper, not an end in itself. The focus must remain on whether the nondiverse party was properly joined *when joined*. . . . the Court cannot deny remand based on [the insurer's] 542A.006 election alone. [The plaintiff] joined [the adjuster] as a defendant when it named him in its original petition. . . . [The insurer] did not elect responsibility for [the adjuster] for more than another two months. [The insurer's] election of responsibility therefore did not render [the adjuster's] joinder improper, because it did not preclude recovery against [the adjuster] until months after his joinder. If [the adjuster] is improperly joined, *it must be for a reason that predated his joinder*.

*River of Life Assembly of God v. Church Mut. Ins. Co. et al.*, 2019 WL 1468933, at *3 (W.D. Tex. Apr. 3, 2019) (emphasis added) (internal citations omitted). Just Mazant of the Eastern District of Texas reached a similar conclusion a few months prior:

> The Court's inquiry as to whether [the adjuster] was improperly joined is contingent on [the adjuster's] joinder being challenged and not merely whether [the plaintiff] is unable to recover against him . . . . It does not follow that a non-diverse defendant that is initially properly joined may become initially improperly joined. Again, the focus must be on the joinder. . . . Simply put, if an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court,

---

[1] *See, e.g.*, *Flores v. Allstate Vehicle and Property Ins. Co.*, 2018 WL 5695553 (W.D. Tex. 2018) (finding improper joinder where state court dismissed the adjuster prior to removal pursuant to § 542A.006, because such a finding was tantamount to a finding of improper joinder).

5

the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006 of the Texas Insurance Code.

*Stephens v. Safeco Ins. Co. of Indiana*, 2019 WL 109395 at *5, *7 (E.D. Tex. Jan. 4, 2019). The undersigned agrees with these courts—in deciding whether a party has been fraudulently joined for purposes of diversity, the focus must be on the claims made against that party when the case against that party was filed. If those claims were valid at that time, then it cannot be said that the joinder of that party was fraudulent.

The real question here is therefore not what impact Mid-Century's election had on the claims against Sherman, but rather whether, *before* that election was made, Sherman was a proper defendant? The undersigned addressed that question in a very similar case just three weeks ago. *See Davis v. Travelers Lloyds of Texas Ins. Co.*, 2019 WL 1930135 (W.D. Tex. April 20, 2019). As noted there, the weight of authority is that an adjuster is subject to suit individually under Chapter 541 of the Texas Insurance Code, and an adjuster is therefore properly joined as a defendant in a case such as this one when such a claim is made against them. *Id.* at *2-*3. As noted earlier, in its petition Robbins brings a claim against Sherman under Chapter 541. Dkt. No. 1-1 at 8. For the reasons set out in detail in *Davis*—which will not be repeated here—the Court finds that Sherman was properly joined in the original suit filed by Robbins in state court. Indeed, Mid-Century concedes this point in its briefing. Dkt. No. 8 at 5 (noting that Robbins' "claims against Sherman may have been viable at the time Plaintiff filed suit in state court"). Because Sherman was properly joined when suit was filed, and because Mid-Century's election of responsibility cannot change that, remand is mandated here. For the joinder of an in-state party to be improper, it must have been improper from the start. Because Sherman was properly joined at the time she was named in

Robbins' state court petition, complete diversity was lacking, and the Court therefore does not have jurisdiction over this case.

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Opposed Motion to Remand (Dkt. No. 7) and **REMAND** this cause of action to the 261st District Court of Travis County, Texas.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE